### William Collier *et al.*

#### *v.*

### Elizabeth A. Beers *et al.*

*Filed at Ottawa March 28, 1883.*

Laches—*asserting a resulting trust.* A bill filed by heirs eighteen years after their majority, to assert a resulting trust against real estate, on the ground that the same was bought with means derived from their father's estate thirty years before, is subject to the defence of unreasonable delay. and *laches*, unless the delay is satisfactorily accounted for.

Writ of Error to the Circuit Court of De Kalb county; the Hon. C. W. Upton, Judge, presiding.

Mr. J. J. Flannery, for the plaintiffs in error.

Messrs. Lowell & Carnes, for the defendants in error.

Mr. Justice Dickey delivered the opinion of the Court:

Some time in the year 1839, John Judd entered at the land office, in his own name, certain lands in the county of De Kalb, and a patent was afterwards issued to him by the United States. In 1840 he married Mrs. Mary Collier, then the widow of Joseph Collier, Sen., who had died in 1837.

At the time of his death Collier lived on a part of this land, and is said to have had what was at that day known as a claim title to all the land in question, good, under our then statute, against all persons other than those holding under the United States. After Collier's death his widow, with several minor children (heirs of Collier), continued to live in the family home, and were there living at the time of the entry of the land by Judd, in 1839, and at the time of his marriage with Mrs. Collier, in 1840. Mr. Judd becoming the head of the family, took possession of the land in 1840, occupied it, paying taxes until the time of his death, which occurred December 27, 1872. Judd left a will, by which he gave to his daughter, for life, the land in question, and remainder over to her children, in fee.

This is a bill filed by the surviving children and heirs of Joseph Collier, deceased, against their mother, Mrs. Judd, who, under dower rights, was in possession of part of the land, and against the devisees of Judd, claiming that the land bought of the United States, in 1839, by Judd, was paid for with money furnished to him by the widow of Collier, to buy the land for her and her then children, and the money was part of the proceeds of the sale of part of the personal property of Collier's estate, and hence Judd held the naked legal title in trust for the complainants. The widow (Mrs. Judd) died pending the suit. On hearing, the bill was dismissed for want of equity.

Among other defences the lapse of time after the alleged rights of complainants accrued and before suit brought, was set up. It appeared that all the complaining heirs of Collier were of age at least eighteen years before this suit was brought. We think this defence was valid. The complainants seek to excuse the delay upon the allegation that the fear of making trouble and domestic difficulty between their mother and her husband, Mr. Judd, caused them to forbear asserting their rights in court. Without discussing the details shown by

the proofs, we content ourselves in saying that we do not think the proofs show sufficient cause to excuse such very long delay. It seems that some ten or twelve years before suit brought, some of the heirs of Collier asserted a claim to some part of the lands claimed by their father, and that some negotiation as to settling the matter occurred, which did not accomplish the end. The precedent of allowing titles to real estate to be disturbed in a suit brought eighteen years after it might have lawfully been instituted, by declaring a resulting trust, upon oral testimony as to the ownership of money invested thirty years before suit brought, and all this after the death of the alleged trustee, would be a bad one. Such *laches* can not be excused upon grounds no more cogent than those shown by the proofs in this case.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*